**UNITED STATES of America ex rel. George John ELLIS, Petitioner-Appellant,**

v.

**STATE OF ILLINOIS et al., Respondents-Appellees.**

No. 16056.

United States Court of Appeals Seventh Circuit.

May 27, 1968.

George John Ellis, pro se.

William G. Clark, Atty. Gen., Chicago, Ill., John J. O'Toole, Robert F. Nix, Asst. Attys. Gen., of counsel, for appellees.

Before MAJOR, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal from a judgment on the district court's "own motion" dismissing, without a hearing, the "Petition for U. S. Action" filed by Ellis, an Illinois prisoner, as failing to "state a claim upon which relief can be granted." We affirm.

The district court properly treated the petition [1] as seeking a writ of habeas corpus. The petition alleges: Ellis was sentenced to a term of one year to life in an Illinois penitentiary in 1943 after pleading guilty to burglary. He was paroled in 1945. His parole was revoked in 1947 and he was recommitted

1. The pro se petition sought release of Ellis from imprisonment, but it also sought a "monetary judgment" should the court decide Ellis was entitled to discharge from custody.

under the sentence. He was again paroled in 1951 but was arrested in 1952, convicted of robbery under a federal charge and sentenced to twenty years imprisonment. In April, 1953, he was placed in the federal penitentiary in Atlanta, Georgia. He was granted a federal parole in 1960, but was returned to Illinois by virtue of an Illinois detainer warrant. He was recommitted to the Illinois penitentiary for three years and paroled again in 1963. On November 14, 1964, his Illinois parole was revoked and he was recommitted to serve four and a half years in the Illinois penitentiary.

■ The question for decision is whether a person on parole as a result of a conviction in a federal court can be taken into custody by a state for the violation of a state parole which was in effect when the federal prosecution began.[2] It is settled that the answer to the question is yes.

■ Since Ellis had been convicted of independent state and federal crimes, the question of jurisdiction over him is one of comity between sovereigns. Jones v. Taylor, 10 Cir., 327 F.2d 493; United States ex rel. Brewer v. Maroney, 3 Cir., 315 F.2d 687. Since neither sovereign objected to the custody of the other, we presume that each consented. Hines v. United States, No. 16457 (7th Cir. March 27, 1968). And because the question rests on comity between the sovereigns, the allegation that Ellis was unwillingly transferred from the penitentiary in Illinois to the federal penitentiary in Georgia, or vice versa, is of no relevance. The prisoner has no personal right that affects the jurisdiction of the sovereigns. Jones v. Taylor, id.; United States ex rel. Brewer v. Maroney, id.; Krupnick v. United States, 8 Cir., 286 F.2d 45, 46. Ellis' reliance upon United States v. Hayman,

342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, is clearly misplaced.

■ The Ellis petition, the files and record show conclusively that his right to due process has not been violated, that he is not entitled to his release, and that the district court did not err in dismissing the petition.

Affirmed.

2. This court ordered the state to answer the following question: whether Ellis was punished twice because having been convicted of a federal offense and having served the federal sentence, his conviction was made the basis for revocation of his state parole; and if so, what are the consequences constitutionally. The state's response containing a summary of the Illinois revocation proceeding discloses that the revocation of parole which caused Ellis' present custody was for violating the terms of the Illinois parole by drinking.