Hillsborough
No. 79-399

PETER E. GOODNOW

v.

EVERETT I. PERRIN, WARDEN

October 2, 1980

*Kelliher, Clougherty & Dalpra*, of Manchester, by brief for the plaintiff.

*Gregory H. Smith*, acting attorney general, and *Brian T. Tucker*, attorney, by brief for the defendant.

PER CURIAM. This is an appeal from the Hillsborough County Superior Court's (*Goode*, J.) dismissal of the plaintiff's petition for habeas corpus. We affirm.

The plaintiff began serving a sentence of eighteen months to seven years in the New Hampshire State Prison on June 1, 1978, pursuant to a conviction for aggravated assault. Subsequently, based on allegations that he was a disciplinary problem, the plaintiff was transferred to the federal prison system and on December 11, 1978, he was sent to the United States Penitentiary in Lewisburg, Pennsylvania. The plaintiff was transferred to the medical center for federal prisoners in Springfield, Missouri, to receive proper medical treatment and was returned to the Lewisburg facility in August 1979.

In September 1979, the plaintiff filed the petition for habeas corpus which is the subject of this appeal, challenging the propriety of his transfer to the federal prison system. The court appointed counsel to represent the plaintiff. Counsel for the plaintiff stated that he had attempted on numerous occasions to contact his client, both by telephone and mail, and that prison officials at the Lewisburg Penitentiary continually had told him that the plaintiff could not receive telephone calls but would have to be brought from another area of the prison to return the call.

Counsel received no communication from plaintiff prior to the superior court hearing on the habeas corpus petition and was required therefore to base his arguments at that hearing solely on the information contained in the pro se petition. Subsequent to the hearing, after the direct intervention of the New Hampshire Attorney General's Office, counsel did receive one telephone call from his client who alleged that he had not received the earlier messages.

At the superior court hearing, the defendant's motion to dismiss was granted. The plaintiff appeals, contending that the interstate transfer constituted cruel and unusual punishment, was in violation of both the due process clause of the fourteenth amendment and 18 U.S.C. § 5003, and impaired his constitutional right of access to the courts. He requests that he be returned to the New Hampshire State Prison to consult with his attorney and that the case be remanded to the superior court for a new hearing on the merits.

■ First, the plaintiff alleges that he was deprived of liberty without due process of law because State prison officials had transferred him to the Lewisburg Penitentiary without an adequate factfinding hearing. It is well settled, however, that "no Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a hearing, absent some right or justifiable expectation rooted in state law that he will not be transferred except for misbehavior or upon the occurrence of other specified events." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), *citing Meachum v. Fano*, 427 U.S. 215 (1976). This reasoning is equally applicable to interstate prison transfers. *Sisbarro v. Warden, Mass. State Penitentiary*, 592 F.2d 1 (1st Cir.), *cert. denied*, 100 S. Ct. 99 (1979); *Curry-Bey v. Jackson*, 422 F. Supp. 926 (D.D.C. 1976).

■ Transfers between New Hampshire prisons are not conditioned upon the occurrence of specified events, RSA 623:2–4, and under the New England Interstate Corrections Compact, the State prison warden is given extremely broad discretion in decisions relating to interstate transfers. RSA 622-A:3. Thus, although at the time of the plaintiff's transfer there was no State statutory authorization for federal transfer of New Hampshire prisoners, New Hampshire law conferred no right on the prisoner to serve his time in any particular facility or even inside the State. *Laaman v. Perrin*, 435 F. Supp. 319 (D.N.H. 1977). Since the

plaintiff has no liberty interest rooted in State law, we hold that the out-of-state transfer did not implicate the due process clause and that the plaintiff was not constitutionally entitled to a hearing prior to such transfer.

Second, the plaintiff contends that he is entitled to a pre-transfer hearing under 18 U.S.C. § 5003 (1979), which authorizes the United States Attorney General, "when the Director [of the Federal Bureau of Prisons] shall certify that proper and adequate treatment facilities and personnel are available," to contract with State officials "for the custody, care, subsistence, education, treatment, and training" of State prisoners. The plaintiff asserts that because 18 U.S.C. § 5003 authorizes the transfer of State prisoners to federal custody only upon a showing that the prisoner is in need of specialized treatment available only in the federal system, *Lono v. Fenton*, 581 F.2d 645 (7th Cir. 1978), a hearing is required on that issue prior to any transfer.

■ ■ We find the reasoning of the majority opinion in *Lono* unpersuasive. The language of the statute expressly authorizes transfers for a number of penological purposes and contains no suggestion that transfers are limited to prisoners needing specialized treatment. *Sisbarro v. Warden, supra* at 4; *Lono v. Fenton, supra* at 648–49 (*Bauer*, J., dissenting); *Howe v. Civiletti*, 480 F. Supp. 111, 114–15 (D. Vt. 1979); *Fletcher v. Warden*, 467 F. Supp. 777, 781 (D. Kan. 1979). Accordingly, we hold that 18 U.S.C. § 5003 requires no showing of specialized treatment needs before a State prisoner is transferred to a federal prison and that therefore the plaintiff is not entitled to a hearing on the issue of his need for specialized treatment.

■ The plaintiff also maintains that the transfer to the Lewisburg Penitentiary constituted cruel and unusual punishment because it deprived him of seeing members of his family who reside in New Hampshire. Although involuntary out-of-state transfers are burdensome and may impair visitation of family, such transfers are neither cruel nor unusual in the constitutional sense. *Sisbarro v. Warden, supra* at 4; *Lindsay v. Mitchell*, 455 F.2d 917, 918 (5th Cir. 1972); *Hoitt v. Vitek*, 361 F. Supp. 1238, 1250–51 (D.N.H.), *aff'd sub nom. Laaman v. Vitek*, 502 F.2d 1158 (1st Cir. 1973). *See also Rebideau v. Stoneman*, 398 F. Supp. 805 (D. Vt. 1975). The superior court properly dismissed this claim.

Finally, the plaintiff alleges that there are no New Hampshire legal materials at the Lewisburg Penitentiary and that he has been prevented from effectively communicating with his attorney.

He contends that as a consequence of these conditions his constitutional right of access to the courts has been impaired.

■ There is no doubt that "prisoners have a constitutional right of access to the courts", and states must "insure that inmate access to the courts is adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). Consequently, prison officials have an affirmative obligation to assist inmates in the preparation and filing of meaningful legal papers by providing them with either adequate law libraries or adequate assistance from persons trained in the law. *Id.*, at 828; *Younger v. Gilmore*, 404 U.S. 15 (1971), *aff'g Gilmore v. Lynch*, 319 F. Supp. 105 (N.D. Cal. 1970); *Hohman v. Hogan*, 458 F. Supp. 669 (D. Vt. 1978). The issue here is whether the defendant has failed to fulfill this obligation.

■ We first note that this constitutional violation which the plaintiff alleges occurred during his incarceration at the Lewisburg Penitentiary. The duty to provide either adequate law libraries or legal assistance would seem to belong to the federal prison officials at that facility. State prison officials have no control over the contents of federal penitentiary libraries or the terms under which penitentiary inmates may communicate with outside legal counsel.

■ Even if the obligation of State prison officials to assure meaningful access to the courts to all prisoners continues after an inmate has been properly transferred to an out-of-state federal penitentiary, *see Hohman v. Hogan supra*, this obligation has been satisfied by the appointment of counsel to represent the plaintiff in the instant habeas corpus proceeding. The claim that the plaintiff has been prevented from effectively communicating with his attorney does not change this, for the record indicates that the responsibility for any interference with the plaintiff's access to counsel lies with officials at the Lewisburg Penitentiary, not with New Hampshire State officials.

We conclude that the plaintiff's contentions are without merit and that the superior court properly dismissed the petition for habeas corpus.

*Affirmed.*