THE STATE OF NEW HAMPSHIRE

v.

FRANK GIBBONS

March 13, 1992

*John P. Arnold*, attorney general (*Charles T. Giacopelli*, attorney, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J.   The defendant, Frank Gibbons, appeals the refusal of the Superior Court (*Groff*, J.) to appoint counsel to assist him in petitioning for a suspended sentence. The sole issue presented on appeal is whether an indigent defendant, seeking a sentence suspension pursuant to RSA 651:20 (Supp. 1991), has a procedural due process right to the assistance of counsel under the fourteenth amendment to the Federal Constitution. The defendant does not invoke the State Constitution. We hold that procedural due process requirements do not apply to sentence suspension proceedings; hence, we affirm.

At the time that the defendant petitioned the trial court for a suspended sentence, he was serving sentences at the State prison for three consecutive terms of imprisonment for felonious sexual assault. The sentences, which had been imposed on December 18, 1986, totaled twelve to forty-five years of incarceration. Two additional sentences for felonious sexual assault had been imposed to run concurrently with these sentences, and one sentence, for kidnapping, had been suspended.

RSA 651:20 (Supp. 1991) permits an incarcerated defendant to petition for a suspension of his or her sentence "at any time while any part of the sentence remains unserved, but a petition to suspend sentence may not be brought less than 2 years after commencement of said sentence nor more frequently than every 2 years thereafter." The defendant concedes, and we agree, that RSA 651:20 (Supp. 1991) is silent as to assistance of counsel at a hearing to suspend sentences. Nonetheless, the defendant argues that assistance of counsel is constitutionally mandated as a matter of procedural due process. In order to decide whether such a mandate exists, we must first determine whether procedural due process applies to sentence suspension proceedings. If we find that due process applies, "the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *see Stapleford v. Perrin*, 122 N.H. 1083, 1088, 453 A.2d 1304, 1307 (1982).

▪ Under the fourteenth amendment to the Federal Constitution, procedural due process applies to situations in which an individual faces a potential deprivation of a liberty or property interest. *Daley v. Town of New Durham*, 733 F.2d 4, 7 (1st Cir. 1984); *see also State v. Poulicakos*, 131 N.H. 709, 712, 559 A.2d 1341, 1343 (1989). We have recognized that "when the court retains the power to *impose* incarceration at a later time, the defendant has been afforded liberty, albeit conditional, which may not be *revoked* without due process." *Stapleford supra* (emphasis added). It is quite another matter, however, to hold that an *incarcerated* defendant has an equal liberty interest in *gaining* his freedom. "There is a crucial distinction between being deprived of a liberty one has . . . and being denied a conditional liberty that one desires." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 9 (1979).

The defendant argues that the State bestowed a liberty interest on him when it granted him the right to apply for a sentence suspension under RSA 651:20 (Supp. 1991). Therefore, the defendant reasons, the State must comply with the dictates of procedural due process.

We agree that statutory rights and expectations can create protected liberty interests which would not otherwise exist. However, procedural due process safeguards are not automatically invoked each time the legislature enacts a statute which provides prisoners with an opportunity to limit their periods of incarceration. In *Baker v. Cunningham*, 128 N.H. 374, 513 A.2d 956 (1986), for example, we held that the procedural due process guarantees of the fourteenth amendment did not apply to parole board hearings even though such

hearings were required under RSA 651-A:6. We explained that statutorily-created rights and expectations are subject to procedural due process only if they rise to the stature of "second-level rights." *Id.* at 379, 513 A.2d at 959. We stated:

"The hallmarks of these second-level rights or expectations are not only the relative seriousness of their loss, but also their sources in 'particularized standards or criteria [guiding governmental] decisionmakers.' Such standards must amount to 'substantive [legal] limitations on official discretion.' Only when a second-level liberty interest is so derived can a claim to it be said to rise above the level of a hope, which depends upon an essentially discretionary judgment, to the level of a right, which may be claimed upon proof of a set of facts relevant to satisfy a substantive standard."

*Id.* (citations omitted). Applying this standard, we concluded that parole proceedings were not "second-level rights" because

"[t]he grant of parole depends to a significant degree upon a prediction about a given applicant's behavior if he is released, and upon a judgment about what will be best for the prisoner and society. As long as the decision rests upon these essentially discretionary determinations, a prisoner's interest in parole fails to rise above the level of a hope."

*Id.* at 380-81, 513 A.2d at 960; *see also Bussiere v. Cunningham*, 132 N.H. 747, 752, 571 A.2d 908, 912 (1990) (promulgation of parole board rules did not create second-level liberty interest because the rules did not limit the statutory discretion of the parole board).

■ Thus, whether procedural due process safeguards apply to sentence suspension proceedings depends on whether RSA 651:20 (Supp. 1991) allows for "an essentially discretionary judgment," *Baker, supra* at 379, 513 A.2d at 959, by the sentencing judge. This is a settled matter. In *State v. Burroughs*, 113 N.H. 21, 300 A.2d 315 (1973), we found that RSA 651:20

"demonstrate[d] a continuing intent by the legislature to provide the sentencing judge with options to adapt his sentence to a particular individual in the manner best suited to accomplish the constitutional objectives of punishment, rehabilitation and deterrence."

*Id.* at 24, 300 A.2d at 317. In light of the discretionary character of RSA 651:20 (Supp. 1991), we hold that, under the fourteenth amend-

ment, procedural due process is not applicable to sentence suspension proceedings. Hence, no right to counsel exists.

*Affirmed.*

All concurred.