Merrimack
No. 2005-859

THE STATE OF NEW HAMPSHIRE

v.

DARIN A. PARKER

Argued: November 8, 2006
Opinion Issued: March 16, 2007

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief and orally, for the defendant.

BRODERICK, C.J. The sole issue on appeal is whether the Superior Court (*Fitzgerald*, J.) erred when it refused to appoint counsel for the defendant, Darin A. Parker, to assist him in seeking to avoid imposition of

the deferred portion of his sentence. We reverse in part, vacate in part and remand.

In November 1990, the defendant pled guilty to second-degree murder, and the Superior Court (*Dunn*, J.) sentenced him as follows:

> The defendant is sentenced to New Hampshire State Prison for not more than life nor less than 25 years. Stand committed. 7 years of the sentence deferred for a period of 15 years. Prior to the expiration of the [deferral] period, the defendant may petition the Court to show cause why the deferred commitment should not be imposed. At this hearing, the defendant shall have the burden of demonstrating that he no longer poses a threat to society. It is contemplated that the hearing shall be scheduled sufficiently in advance to allow defendant to be paroled at the end of eighteen years if he meets said burden at the anticipated hearing. Pretrial confinement credit 623 days.

In August 2004, the defendant filed a motion for appointment of counsel to assist him "in a show cause hearing as to why a deferred commitment should not be imposed." The trial court denied the motion, and subsequently conducted a hearing in September 2005 during which the defendant represented himself *pro se*. Concluding that "[the] defendant's record in prison [did] not merit suspension of the deferred sentence," the trial court imposed the deferred seven-year sentence. It also denied the defendant's motion for reconsideration, and this appeal followed.

 The defendant argues that he was entitled to the assistance of counsel during the 2005 proceeding, relying upon both the Right to Counsel and Due Process Clauses of the State and Federal Constitutions. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amend. V, VI, XIV. Under the narrow circumstances of this case, we hold that the 2005 hearing was conducted in violation of his right to counsel under our State Constitution. We therefore do not engage in a separate federal analysis, *State v. Rothe*, 142 N.H. 483, 484 (1997); *State v. Ball*, 124 N.H. 226, 232 (1983), and do not address the defendant's due process argument. Furthermore, we rely upon federal decisions only to aid our analysis. *See State v. Scarborough*, 124 N.H. 363, 368 (1983).

Part I, Article 15 of the New Hampshire Constitution reads:

> Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court.

A defendant's right to assistance of counsel attaches "by virtue of the commencement of formal criminal proceedings," *State v. Bruneau*, 131 N.H. 104, 108 (1988), and once the right has attached, a defendant is entitled to the assistance of counsel at "critical stages" of criminal proceedings, *State v. Delisle*, 137 N.H. 549, 550 (1993) (citation omitted). In this case, the parties agree that sentencing, as well as a hearing on a deferred sentence, constitute critical stages of the proceeding. *See Mempa v. Rhay*, 389 U.S. 128, 134-37 (1967). The dispute lies in whether the 1990 sentencing order postponed the sentencing decision regarding the seven-year deferred term so that the sentencing phase of the defendant's criminal prosecution remained open at the time of the 2005 proceeding.

The State agrees that "in a typical case, when a sentencing court imposes a deferred sentence, it makes no decision as to whether to impose or suspend the sentence, and thus necessarily postpones that decision." In the typical case of deferred sentencing, of course, the entire term of incarceration is deferred, not just a portion of it. *See, e.g., State v. Graham*, 146 N.H. 142, 143 (2001). The State contends, however, that the sentencing phase of this case concluded in 1990 because the defendant was immediately incarcerated; he was not granted or assured of any conditional liberty; and the State bore no burden of proving that he committed any affirmative act in order that he serve twenty-five years of imprisonment. According to the State, if neither it nor the defendant took any action, the defendant automatically would have served his full term of twenty-five years to life. We conclude, however, that under the particular language of the 1990 sentencing order, the trial court did not complete the defendant's sentencing in 1990. Thus, the defendant was entitled to the assistance of counsel in 2005 when the court concluded the sentencing phase by considering whether to impose the deferred seven-year term.

The language of the sentencing order determines the nature of the defendant's sentence. Indeed,

> [d]ue process requires a sentencing court to make clear *at the time of sentencing* in plain and certain terms what punishment it is exacting, as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified. The sentencing order must clearly communicate to the defendant the exact nature of the sentence.

*State v. LeCouffe*, 152 N.H. 148, 152 (2005) (emphasis in original). The State does not cite any applicable statutes that would assist us in construing the sentencing order in this case. We therefore confine our review to the four corners of the 1990 sentencing order. Whether the order

left open the sentencing phase against the defendant such that he was entitled to the assistance of counsel during the subsequent hearing in 2005 constitutes a question of law which we review *de novo. See State v. Grant-Chase*, 140 N.H. 264, 267 (1995) (on appeal, questions of law are considered *de novo*).

The 1990 sentencing order begins by stating that the defendant "is sentenced to New Hampshire State Prison for not more than life nor less than 25 years. Stand committed." However, the order continues: "7 years of the sentence [is] *deferred* for a period of 15 years, [and] [p]rior to the expiration of the [deferral] period, the defendant may petition the Court to show cause why the deferred commitment *should not be imposed.*" (Emphasis added.) The order specifically refers to seven years of the term as "deferred," and the language indicates that this deferred term was not yet deemed "imposed." The express purpose of the anticipated show cause hearing was to determine whether the seven-year deferred term would be imposed, indicating that a sentencing decision was being postponed on that portion of the sentence.

We disagree with the State that this case is akin to *State v. Gibbons*, 135 N.H. 320, 322-23 (1992), in which the court held that the indigent defendant, who was incarcerated and seeking a sentence suspension pursuant to RSA 651:20, was not entitled to court-appointed counsel. *Gibbons* is inapposite to the circumstances before us. Sentencing had concluded for the *Gibbons* defendant, and, thus, he argued for appointment of counsel pursuant to his right to procedural due process. *Id.* at 320-21. He did not assert his constitutional right to counsel during a critical stage of criminal prosecution. *Id.* In the matter before us, sentencing was not completed in 1990 because the trial court postponed its sentencing decision with respect to the seven-year deferred term.

█ We acknowledge that the terms of the deferred sentence in this case may be unusual. *Cf. Graham*, 146 N.H. at 143 (entire term of incarceration deferred). Nevertheless, the language of the 1990 order leaves open the sentencing decision of whether to impose the seven-year term until after the defendant served the initial fifteen years of his sentence. Furthermore, to the extent the language of the sentencing order is ambiguous concerning the conclusion of the sentencing phase in 1990, we ought to err on the side of protecting a defendant's constitutional right to counsel. *Cf. State v. MacLeod*, 141 N.H. 427, 434 (1996) (federal rule of lenity resolves ambiguity in statutes against greater punishment). Accordingly, we reverse the order denying the defendant's motion for appointment of counsel, vacate the decision denying suspension of the seven-year deferred

term, and remand for a further hearing on whether the seven-year deferred sentence should be imposed.

*Reversed in part; vacated in part; and remanded.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.