Grafton
No. 2010-537

THE STATE OF NEW HAMPSHIRE

v.

JON M. FRENCH

Argued: September 22, 2011
Opinion Issued: December 14, 2011

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Getman, Schulthess & Steere, P.A.*, of Bedford (*Andrew R. Schulman* on the brief and orally), for the defendant.

HICKS, J. The defendant, Jon M. French, appeals an order of the Superior Court *(Vaughan, J.)* suspending his deferred sentence. We reverse and remand.

The record supports the following facts. On April 22, 1996, the defendant pled guilty to two counts of felonious sexual assault. *See* RSA 632-A:3 (1986) (amended 1997, 2003, 2006, 2008 and 2010). On indictment 95-S-384, the defendant was sentenced to the House of Corrections for one year, stand committed. On indictment 95-S-385, he was sentenced to the New Hampshire State Prison for three-and-one-half to seven years, deferred for seven years, concurrent with his sentence on indictment 95-S-384. The sentencing order specifically provided:

> All of the sentence is deferred for a period of 7 years. Thirty (30) days prior to the expiration of the deferred period, the defendant may petition the Court to show cause why the deferred commitment should not be imposed. Failure to petition within the prescribed time will result in imposition of the deferred commitment without further hearing.

The defendant was also placed on probation for a period of five years.

Deferral of the defendant's sentence was conditioned upon his compliance "with a structured, residential program with 24 hour per day supervision provided by Lakes Region Community Services Council." The defendant was also ordered to "receive individual and group sexual offender counseling, as well as individual psychotherapy." The addendum to the sentencing order further provided:

> The defendant shall comply with all terms and conditions established by any program in which he is placed. In the event the defendant, absent express authority from the program to do so, leaves the premises of any residential program in which he is placed, he shall be subject to arrest and shall be returned to the appropriate program within 48 hours of his arrest and the program in which he is placed shall be authorized to request that the defendant's probation be terminated and that the defendant serve the entirety of his sentence.

In October 1996, the defendant pled true to a probation violation and served a brief period of time at the House of Corrections. Thereafter, the defendant remained in residential treatment for the seven-year deferral period.

On April 1, 2003, the defendant moved to suspend his deferred sentence. The Superior Court (*Morrill*, J.) denied his request and deferred his sentence for another seven years subject to the same requirements as his original sentence. The defendant's motion to reconsider was denied and the defendant did not appeal. He remained in residential treatment for the additional seven-year deferral period.

On May 14, 2010, the defendant moved to terminate his deferred sentence. The court held a hearing, at which the State presented the testimony of Dr. Robin Kenney, clinical consultant to the defendant's treatment facility, who had been providing services to the defendant since he was in high school. Dr. Kenney testified that while the defendant had the "potential" to be a danger to himself or to society, he did not meet the criteria for involuntary commitment to the New Hampshire Hospital. He stated that "[t]he real issue here is his impulse to drift off that . . . course of treatment, to do things that he knows that should be considered to be inappropriate." He further testified that, overall, the defendant has complied with his treatment program, attended his therapy sessions, and, apart from the 1996 probation violation, not violated the law. On July 15, the trial court issued an order suspending the defendant's deferred sentence for a period of seven years "subject to the terms and conditions set out in the original *mittimus* of 1996."

On appeal, the defendant argues that the trial court's decision to suspend his sentence for an additional seven years violated his right to due process under Part I, Article 15 of the New Hampshire Constitution. He contends that he was never put on notice that "if he successfully completed all of the terms of deferral, the court could nonetheless thereafter suspend [his] sentence" and, thus, the order suspending his sentence was an unlawful increase in his punishment. We review questions of constitutional law *de novo*. *State v. Van Winkle*, 160 N.H. 337, 340 (2010).

■■■ "Due process requires a sentencing court to make clear *at the time of sentencing* in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." *Id.* (quotation omitted). "The sentencing order must clearly communicate to the defendant the exact nature of the sentence." *Id.* (quotation omitted). "[U]nless the terms of a sentence at the time it is imposed specifically allow augmentation at a later date, the court may not

increase a defendant's penalty at a probation revocation hearing or a hearing on whether to impose a deferred or suspended sentence." *State v. LeCouffe*, 152 N.H. 148, 152 (2005).

> Likewise, if the terms of a sentence are *not* entirely clear at the time of sentencing, we will not speculate about what sentence the court might have intended; rather, we will construe the sentencing order so as to enforce the terms that *are* clear but not to augment the sentence beyond such terms.

*State v. Burgess*, 141 N.H. 51, 52-53 (1996). "It is basic to our judicial system that there must be an end to litigation and that a matter judicially acted upon and properly decided must remain final. In regard to criminal proceedings this requires that the sentencing process must at some point come to an end." *Van Winkle*, 160 N.H. at 340 (quotation omitted).

Here, the defendant's original sentence failed to give him "explicit notice at the time of . . . sentencing" that his sentence might be suspended following the deferral period. *Burgess*, 141 N.H. at 53 (quotation omitted). Indeed, the sentence was clear at the time it was imposed: it contained no provision allowing for suspension of the defendant's sentence. *Cf. State v. Clark*, 151 N.H. 56, 56 (2004) (trial court sentenced defendant "to a six-month term of imprisonment, which it deferred for one year, to be suspended thereafter"). Nor did it contain a provision allowing the court to retain discretion to suspend the defendant's sentence at a later date. *See Burgess*, 141 N.H. at 53 (original sentence neither contained term of probation nor provided for retained discretion to impose probation at a later date and, thus, did not give defendant notice that he was subject to a term of probation); *State v. Rothe*, 142 N.H. 483, 485 (1997) (same).

Relying upon *State v. Parker*, 155 N.H. 89 (2007), the State argues that the trial court had the authority to suspend the defendant's sentence because the sentencing process remained open during the fourteen-year deferral period. In *Parker*, the defendant pled guilty to second-degree murder in 1990 and was sentenced to the New Hampshire State Prison for not more than life nor less than twenty-five years, with seven years of the sentence deferred for a period of fifteen years. *Parker*, 155 N.H. at 90. The sentencing order provided that, prior to the expiration of the deferral period, "the defendant may petition the Court to show cause why the deferred commitment should not be imposed." *Id.* (quotation omitted). In addressing whether the defendant was subsequently entitled to appointed counsel to assist him in seeking to avoid imposition of the deferred portion of his sentence, we found that sentencing of the defendant "was not completed in 1990 because the trial court postponed its sentencing decision with respect to the [sentence's] seven-year deferred term." *Id.* at 92. We

stated that "the language of the 1990 order leaves open the sentencing decision of whether to impose the seven-year term until after the defendant served the initial fifteen years of his sentence." *Id.*

██ In this case, as in *Parker*, the language of the defendant's original 1996 sentencing order left open the sentencing decision of whether to impose any portion of the defendant's three-and-one-half to seven year deferred sentence. Thus, the court retained discretion in its original sentencing order to impose the defendant's three-and-one-half to seven year sentence. *See State v. Almodovar*, 158 N.H. 548, 553 (2009) (noting that the purpose of deferred sentences is to allow the trial court to retain jurisdiction over the defendant). However, it did not retain the authority to augment the defendant's sentence — that is, to suspend his sentence following the deferral period. Under the language of the 1996 sentencing order the court retained only the authority to impose or terminate the defendant's deferred sentence. Thus, the court lacked the authority to suspend *sua sponte* the defendant's deferred sentence. *See Burgess*, 141 N.H. at 53; *see also* RSA 651:20, I (Supp. 2011) (providing that "the sentence to imprisonment of any person may be suspended by the sentencing court at the time of imposition of the sentence or at any time thereafter in response to a petition to suspend sentence which is timely brought in accordance with the limitations set forth below in subparagraphs (a), (b), and (c)").

We do not address whether, upon remand, the trial court has the authority to now impose the defendant's deferred sentence. Nor do we address the temporal limit to be applied to a deferred sentence. The parties have not briefed these issues sufficiently for our review and they are not encompassed within the notice of appeal. *See, e.g., State v. Littlefield*, 152 N.H. 331, 357 (2005).

*Reversed and remanded.*

DALIANIS, C.J., and DUGGAN and CONBOY, JJ., concurred.