NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough–northern judicial district
No. 2015-0349

THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER LONG

Argued: June 9, 2016
Opinion Issued: August 19, 2016

Joseph A. Foster, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

David M. Rothstein, deputy director public defender, of Concord, on the brief and orally, for the defendant.

LYNN, J. The defendant, Christopher Long, appeals an order of the Superior Court (Nicolosi, J.) imposing a portion of his previously-suspended sentences based upon its finding that he violated the "no-contact" provision of those sentences by filing in circuit court a petition to establish a parenting plan for his and the victim's child. We reverse.

I

The record reflects the following facts. In May 2012, the defendant kidnapped the victim, who, at the time, was pregnant with his child. The child

was born soon after.  In March 2013, the defendant pleaded guilty to six criminal charges for which prison sentences were imposed.  Three of the sentences were imposed "stand committed," requiring the defendant to be imprisoned immediately.  The remaining three sentences were suspended for twelve years from the date of the defendant's eventual release from prison.  All six of the defendant's sentences included the following provision, which we term the "no-contact" provision for the purpose of this appeal:  "The defendant shall have no contact with [the victim] . . . or any members of her immediate family, by mail, phone, email, text message, social networking or through third parties.  The defendant shall have no contact with these persons in any manner whatsoever."

In August 2014, the defendant filed a petition in the circuit court to establish a parenting plan for his and the victim's child.  In the petition, the defendant averred that he was the child's biological father and that he "would like a [m]ediator [a]ppointed to help [him and the victim] to create a Parenting Plan."  The defendant also averred that he had had no contact with the child and that there was "currently a restraining order in full effect."  He requested that the court send the victim "[a]ll copies of Motions, Notification[s], [and] Financial Affidavits" on his behalf.  He did not mention the no-contact provision of his sentences.  According to the defendant, and not apparently disputed by the State, the victim accepted service of the petition at the courthouse, after having been contacted by the court.  Thereafter, she filed a petition to terminate the defendant's parental rights.

On December 2, the State moved to impose a portion of the defendant's suspended sentences.  Although the State conceded that the defendant's parental rights had not been terminated, it argued that he had violated the no-contact provision of those sentences by filing the parenting petition.  Following a hearing on the State's motion, the trial court ruled on the record that the no-contact provision was clear and unambiguous and that, by filing the parenting petition, the defendant willfully violated it.  Accordingly, the court granted the State's motion, imposing two to four years of the defendant's suspended sentences.

II

On appeal, the defendant argues that the trial court erred when it found that he violated the no-contact provision of his suspended sentences.  He contends that because he could not reasonably have known that filing the parenting petition would violate the no-contact provision, imposing a portion of his suspended sentences infringed upon his state and federal due process rights.  See N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV.  We first address the defendant's arguments under the State Constitution, relying upon federal law only to aid our analysis.  State v. Ball, 124 N.H. 226, 231-33 (1983).

2

We review questions of constitutional law de novo. State v. French, 163 N.H. 1, 3 (2011).

"Due process requires a sentencing court to make clear at the time of sentencing in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." Id. (quotation and emphasis omitted). "The sentencing order must clearly communicate to the defendant the exact nature of the sentence." Id. (quotation omitted). "We have recognized that termination of freedom by revocation of a suspended sentence involves constitutional liberty interests protected by the [State] Due Process Clause." State v. Budgett, 146 N.H. 135, 137-38 (2001) (quotation omitted).

Some sentencing terms are implied and "need not be explicitly stated to give fair warning to the [defendant], such as that if [he] commits a crime, he will lose the privilege of his conditional liberty." State v. Kay, 162 N.H. 237, 242 (2011). However, "[w]hen the deprivation of a defendant's conditional liberty rests upon the commission of a non-criminal act, he must be given some warning in order to ensure that he understands, in plain and certain terms, the conditions of his sentence." Id. "Due process mandates that a defendant be given actual notice that such conduct could result in the revocation of his conditional liberty." Id. "To hold otherwise would effectively modify the terms of the original sentencing order and result in fundamental unfairness." Id. The interpretation of a sentencing order is a question of law, which we review de novo. Id.

On the surface, the disposition of this case might appear straightforward. The sentencing order plainly prohibits the defendant from having any contact "in any manner whatsoever" with the victim or her immediate family, including contact through third parties; by filing the parenting petition, the defendant caused such contact to occur. But we cannot simply say "end of story" and resolve the case on this basis because there are broader constitutional principles at stake. Here, the sentencing order did not give the defendant fair warning that filing the parenting petition constituted "contact" such that his suspended sentences could be imposed. Id.

The no-contact provision implicates two of the defendant's constitutionally-protected rights: (1) his right of access to the courts; and (2) his fundamental liberty interest in parenting his child. See Goodnow v. Perrin, 120 N.H. 669, 673 (1980) ("There is no doubt that prisoners have a constitutional right of access to the courts . . . ." (quotation omitted)); Petition of Kerry D., 144 N.H. 146, 149 (1999) (State Constitution protects an individual's fundamental liberty interest in parenting); Troxel v. Granville, 530 U.S. 57, 66 (2000) (plurality opinion) (Federal Constitution protects the fundamental right to parent). Yet, the no-contact provision references neither

3

right. Nor was either right mentioned in the plea colloquy or at any other time during the original sentencing hearing.

Moreover, a condition that the defendant relinquish his constitutional right of access to the courts to enforce his fundamental liberty interest in parenting is not akin to the condition "of any suspended sentence . . . , whether expressly stated or not, . . . that the defendant shall not violate the law." Budgett, 146 N.H. at 138 (quotation omitted). Such condition is not "so basic and fundamental that any reasonable person would be aware of [it]." Id. (quotation omitted). Unlike a condition that a defendant will lose the privilege of his conditional liberty if he commits a crime, a condition that a defendant will lose that privilege if he accesses the courts to preserve his parenting rights must "be explicitly stated to give [him] fair warning." Kay, 162 N.H. at 242.

Although the record is unclear as to whether the defendant was subject to a domestic violence protective order when he filed the parenting petition, even if he were, he could not have reasonably understood that filing the petition violated that order. Pursuant to RSA 173-B:5-a, II(c) (2014), "[a] no-contact provision in a [domestic violence] protective order . . . shall not be construed to . . . [p]revent a defendant or defendant's counsel from sending the plaintiff copies of any legal pleadings filed in court relating to the domestic violence petition or related civil or criminal matters." Applicable court rules similarly provide that "[a] no-contact order in a domestic violence, stalking, or similar matter shall not be deemed to prevent either party from filing appearances, motions, and other appropriate pleadings with the court." Fam. Div. R. 1.23(B).

Under all of the circumstances of this case, we hold that the defendant could not reasonably have understood that the no-contact provision of his suspended sentences precluded him from exercising his constitutional right to access the courts to protect his fundamental right to parent. See Kay, 162 N.H. at 242 (concluding that when the sentencing order "plainly" required the defendant to pay child support and informed him that compliance was to occur through his probation officer, the defendant must "reasonably have understood" that his probation officer had the authority to establish the amount of periodic payments and to require him to remain in contact); cf. State v. Foote, 149 N.H. 323, 325 (2003) ("It is well established that when waiving a constitutional right, one must do so voluntarily, knowingly, and intelligently with sufficient awareness of the relevant circumstances and likely consequences." (quotation and brackets omitted)). We conclude that the no-contact provision of the defendant's suspended sentences failed to give him fair warning that his conditional liberty could be forfeited by the commission of an act that not only was not criminal, but was also constitutionally protected — namely, the filing of a parenting petition in circuit court. See Kay, 162 N.H. at 242. Thus, the defendant may not be punished for invoking that right. Accordingly, we hold that the trial court violated the defendant's due process

4

rights as guaranteed by the State Constitution when it imposed a portion of his suspended sentences.

Because we have determined that the trial court's order violated the defendant's due process rights under the State Constitution, we need not reach the parties' arguments under the Federal Constitution; <u>see</u> <u>Ball</u>, 124 N.H. at 237, or their other remaining arguments.

<u>Reversed</u>.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.