## BROWN'S PETITION.

In 1868 the selectmen of Bow laid out a highway for the accommodation of individuals, " to be made by the petitioners, and to remain a highway so long as said petitioners shall keep the same in repair, and no longer." In 1871, a petition having been brought for a writ of *certiorari*, the petitionees filed an answer, alleging that when the selectmen came to the conclusion to lay out the highway, the idea that such conditions were to be annexed to the laying out had not occurred to them, and that they were uninfluenced, both in the laying out and in the assessment of damages, by any consideration that the laying out was to be subject to such conditions; that when they came to make a return of said laying out, they consulted a book known as " The Town Officer" to find a form to guide them, and followed the form there given supposing it to be legal, and therefore inserted in their return the above clause ; and that said clause does not truthfully express the judgment of the selectmen.    The petitionees moved that the selectmen be allowed to amend the return by striking out the above clause.    *Held*, that the motion to amend must be denied, and that the answer to the petition was insufficient.

PETITION, by Moses Brown (filed October 16, 1871), for a writ of *certiorari* to remove the record of the laying out of a highway by the selectmen of Bow, for the accommodation of individuals, in December, 1868 ; and praying that the laying out may be adjudged void.    The petition alleged that the selectmen ordered, as a part of the laying out, that " the highway is to be made by the petitioners, and to remain a highway so long as said petitioners shall keep the same in repair, and no longer."    The answer alleged that the selectmen, after a full hearing, came to the conclusion that there was occasion for a new highway, and laid out the same by courses and distances, subject to the maintenance of gates or bars, to be erected and maintained by the petitioners ; that

when they came to said conclusion, and laid out said highway, the idea that it was " to be made by the petitioners, and to remain a highway so long as said petitioners should keep it in repair, and no longer," had not been suggested or occurred to them, but that they laid out the same because in their judgment the public good required it, intending at the time that it should be made, maintained, and continued a highway as the law provided ; that they assessed Moses Brown's damages upon the basis that the highway was to continue such to the end of time if the public good so required, and in so doing were not influenced by any consideration that it was to remain a highway only so long as the petitioners should keep it in repair ; that, when they came to make a return of said laying out, they consulted a book known as " The Town Officer" to find a form to guide them in making it, and followed the form there given, supposing it to be in accordance with the law, and therefore inserted in their return the clause objected to by the petitioner ; that said clause does not express the judgment of said selectmen, as to the laying out of said highway, truthfully, and its introduction into their said return was a mistake of form and not of substance.

The petitionees moved that the return of the laying out might be amended by striking out the clause objected to by the petitioner. The petitioner contended that the answer was insufficient.

*L. T. Flint,* for the petitioner.

*Marshall & Chase,* for the petitionees.

SMITH, J. The clause in the return, objected to by the petitioner, was in direct contravention of the statute then in force—Gen. Stats., ch. 61, sec. 12 (since changed by Pamphlet Laws, 1871, ch. 20, sec. 1) ; and it was held in *Brown* v. *Brown,* 50 N. H. 538, that the laying out would, in a proper proceeding, be adjudged erroneous. The principal question now presented is, whether the proposed amendment shall be allowed upon proof of the facts alleged in the answer.

The making of the return was not a " merely ministerial act," but a substantial and essential part of the duties of the selectmen. A vacancy in the board, occurring after they had come to a conclusion, but before they had reduced it to writing, would have prevented a laying out by the two remaining selectmen. See *Wentworth* v. *Farmington,* 49 N. H. 119, p. 122. Until the return was actually made, the selectmen " were at full liberty to modify, or reverse entirely," the conclusions to which they had arrived. See *Noyes* v. *Noyes,* 1 Pick. 269, p. 271. Under our laws, the return is not a mere clerical formality, subsequent to the laying out. The highway is not legally laid out until the return has been made. *Hayes* v. *Shackford,* 3 N. H. 10 ;—see, also, *Greeley* v. *Quimby,* 22 N. H. 335. In effect, the return is the laying out. See SAWYER, J., in *Perkins* v. *Langmaid,* 36 N. H. 501, p. 507.

When the selectmen reduced their doings to writing, there was no clerical error in making up the return. The objectionable clause was

not inserted by a slip of the pen. The answer does not aver that the selectmen were ignorant of the fact that such a clause was in the return, but that they were induced to insert it by a mistake as to the law.

The return contains precisely what they then intended that it should. The fact that it contains something different from their previous intentions is utterly immaterial. Those intentions were subject to change at any time during the period limited by statute (Gen. Stats., ch. 61, sec. 14) for making the return. Their previous intentions cannot now be substituted for their subsequent intentions, or for their subsequent deliberate acts.

Amendments are not allowed for the purpose of correcting errors in judgment on the part of judicial tribunals. Where there is a mistake in making up the record, so that it does not correctly express the action of the tribunal, it may be amended so as to conform to the truth ; but the record cannot be amended so as to make an entirely different decision upon proof that the tribunal would have made the latter decision if the members of the court had had a better understanding of the law. See *Perkins* v. *Langmaid*, 36 N. H. 501. The present is not a case where there is an incorrect record of correct judicial action. Here, there is a correct record of incorrect judicial action. The proposed testimony, at the utmost, amounts to this,—that the selectmen at one time entertained the intention of making an unobjectionable return, but eventually changed their minds and made an objectionable return. The fact that the cause of this change was an unfortunate and honest mistake as to the law cannot enlarge the powers of this court in granting amendments. The allowance of amendments under such circumstances would introduce a practice " productive of infinite mischief," of much the same nature as that which would result from allowing substantial amendments of verdicts upon the testimony of jurors subsequently to the trial. See *Jackson* v. *Williamson*, 2 Term R. 281 ; *Coffin* v. *Jones*, 11 Pick. 45, p. 49; *Smith* v. *Smith*, 50 N. H. 212. The motion to amend must be denied.

We have then a return which, on its face, shows an invalid laying out, and which cannot be amended. The petitionees have urged that a writ of *certiorari* should not be granted where the equities of the case do not require it, and they have argued that there is here no substantial injustice to be remedied. We think, however, that a laying out, which is in the very teeth of the statute, should not be allowed to remain in force merely because in the particular instance no substantial injury seems likely to result, or because it is highly probable that the objectionable part of the return would have been omitted if the selectmen had understood the law. If the petitioner had stood by and seen the petitionees expend large sums in making the road without raising any objection to the laying out, he might have been barred by his own *laches*. But it is virtually admitted that no substantial expenditures have been incurred ; and it is within the knowledge of the court that the petitioner, sometime since, unmistakably evinced his disposition to question the validity of the laying out. Although the remedy

he then sought to enforce was held to be inappropriate, the attempt tends to rebut any presumption of acquiescence on his part.

The counsel for the petitionees have not contended that the remedy by *certiorari* has been taken away by the statutes giving a specific remedy by appeal from the decision of the selectmen laying out the highway. P. L., 1862, ch. 2621; Gen. Stats., ch. 63, secs. 10–12. We need not therefore consider whether that position might have been maintained in this case, or in *R. R.* v. *Folsom*, 46 N. H. 64, p. 65.

<div align="right">

*Motion to amend denied.*

*Answer held insufficient.*