Strafford, }
June 3, 1919. }

## STATE v. JAMES AGALOS.

Jamaica ginger containing 92 per cent of alcohol is intoxicating liquor within the provision of Laws 1917, c. 147, s. 60, and the keeping of it for sale for beverage use is punishable under s. 19 of that act.

Intoxicating liquor taken on a search warrant is admissible as evidence on the trial of an indictment for illegally keeping such liquor for sale, though the return of the officer making such seizure is not signed.

An order permitting the return to be signed by such officer, after a motion to quash the complaint, is not exceptionable.

APPEAL, from the municipal court of Rochester. The complaint charged that the respondent at Rochester on December 24, 1918, "did then and there unlawfully, knowingly and criminally, keep for sale spirituous and intoxicating liquors." A search warrant was issued and in executing the same the officer found Jamaica ginger upon the premises of the respondent, but he did not sign the return of what he found until the respondent moved to quash the complaint for that reason, when the court permitted the return to be signed by the officer. To this the respondent excepted. The evidence tended to prove that the respondent kept Jamaica ginger for sale for beverage use and that it contained 92 per cent of alcohol. Trial by jury and verdict of guilty. The respondent filed a motion in arrest of judgment which was denied subject to exception. Transferred from the February term, 1919, of the superior court by *Marble*, J.

*Oscar L. Young,* attorney-general, and *Albert P. Sherry,* solicitor, (*Mr. Young* orally), for the state.

*Justin A. Emery* (by brief and orally), for the respondent.

WALKER, J. The respondent claims that the liquor which was legally taken by virtue of the search warrant was not properly admissible in evidence because the return on the warrant was not signed by the officer who made the search; and an exception was taken to the ruling of the court allowing the return to be amended in that respect. It would seem that the court was authorized to allow the amendment by P. S., c. 253, s. 13. But whether this is true or not, the failure of the officer to sign the return did not render the evidence furnished by the bottles seized inadmissible. The method by which they were obtained and produced before the court, even if illegal, did not affect their value as evidence of what they contained. *State* v. *Flynn,* 36 N. H. 64; *Boynton* v. *Trumbull,* 45 N. H. 408, 410.

The complaint was evidently drawn under s. 19, c. 147, Laws of 1917, which provides that, "If any person, not being authorized by law to sell intoxicating liquor, shall sell; or keep for sale, any intoxicating liquor in any quantity, he shall be fined," &c. The proof was that the respondent kept for sale as a beverage Jamaica ginger containing 92 per cent of alcohol. By s. 60 intoxicating liquor includes "any beverage by whatever name called, containing more than one per cent of alcohol, by volume, at sixty degrees Fahrenheit; and any beverage any part of which is intoxicating." It follows that the Jamaica ginger which the respondent kept for sale, as a beverage, was intoxicating liquor within the legislative definition. The offence charged falls within the apparent prohibition of the statute quoted. But the respondent claims that the prosecution cannot be sustained under s. 19, because s. 21 provides that, "The sale of Jamaica Ginger, or other compounds of alcohol, in such quantity, or with such frequency, as to indicate that it is intended for beverage use, shall be deemed unlawful selling of intoxicating liquor, within the provisions of this act; and the punishment shall be the same as in the case of selling or keeping for sale intoxicating liquor." The argument is that as the sale of Jamaica ginger, under certain conditions, is prohibited by s. 21, the sale or the keeping of it for sale is not an offence under s. 19. It must be admitted that the intention of the legislature in regard to the question thus presented is not clear, when both statutes are considered together. As above pointed out the language of s. 19 is

broad enough to cover the keeping for sale as a beverage of the compound in question, and it is clear when both sections are read together that the purpose of *s.* 21 was to make certain facts, — the quantity and frequency of the sale, — evidence upon the purpose with which the compound was kept. As the Jamaica ginger was kept for sale to be used as a beverage the respondent's motion was properly denied.

*Exceptions overruled: judgment on the verdict.*

All concurred.