Hillsborough, }
March 1, 1932. }

ROBERT J. DOYLE (*in behalf of* THOMAS SEYMOUR)

*v.*

JOHN T. O'DOWD.

*Doyle & Doyle*, for the plaintiff.

*John L. Sullivan*, solicitor, for the defendant.

MARBLE, J.   It is unnecessary to determine the legality of the condition in question, since it is the rule in this jurisdiction that a sentence is not invalid even though the condition on which it is suspended may be unlawful.   ·*Couture* v. *Brown*, 82 N. H. 459, 461, 462; *State* v. *Drew*, 75 N. H. 402.

The plaintiff also contends that since the sentence was in the alternative, he is entitled to a discharge on payment of the costs.   In order to avoid further proceedings this question, though not transferred, has been considered.

The punishment for petit larceny is imprisonment for not more than six months or a fine of not more than fifty dollars.   P. L., *c.* 389, *s.* 5.   Costs are merely incidental to conviction and sentence, and are taxed as in civil cases.   P. L., *c.* 370, *s.* 5.   Apparently the use of the conjunction "or" instead of "and" by the trial justice was a mere in-

advertence. If so, he has jurisdiction to correct the record to accord with the facts. P. L., c. 367, s. 12. See *State* v. *Company*, 84 N. H. 322, 323; *State* v. *Agalos*, 79 N. H. 241; *State* v. *Weare*, 38 N. H. 314.

*Petition denied.*

All concurred.