Hillsborough,
No. 4305.

### STATE *v.* JOHN C. RICHARD.

Argued April 6, 1954.

Decided June 23, 1954.

*Louis C. Wyman,* Attorney General and *Conrad Danais,* county solicitor (*Mr. Wyman* orally), for the State.

*James M. Winston* (by brief and orally), for the defendant.

LAMPRON, J. Defendant's motion to set aside the verdict and for a new trial was properly denied. A police officer testified that he checked the filling station in question between 1:00 and 1:45 A. M. on June 9, 1953. At 3:50 he noticed the defendant walking south on Elm Street and at 4:45 A. M. he observed him walking west on Central Street when he stopped him and brought him to the police station. At 5:41 he returned to the filling station and found a window pane broken at the catch. Two inspectors testified that defendant, after being warned of his rights, told them, upon questioning at the police station, that he came to Manchester the previous day and registered at a hotel. About 3 o'clock that morning of June 9 he got up, walked around the city and proceeded down a street, the name of which was unknown to him, went to the rear of a filling station, broke a light of glass, entered and took 35 pennies out of the cash register. He received a slight cut on the ring finger of his left hand in breaking the light of glass.

The owner of the filling station testified that all the windows were locked when the station was closed at midnight. At about 5:30 A. M. when he was called there he found a pane of glass broken and 35 to 50 pennies which he had left in the cash register were missing.

This was sufficient evidence for the jury to find beyond a reasonable doubt that the defendant broke and entered this filling station and stole, took and carried away 35 pennies therefrom. The record discloses no basis for the granting of a new trial (R. L., c. 398) and defendant's motion therefor and to set aside the verdict was properly denied.

We are of the opinion that the indictment is one under R. L., c. 453, s. 3, and not under s. 2. It does not allege that the breaking and entering was in any of the different categories of buildings enumerated in said section 2. *State* v. *Gove*, 34 N. H. 510, 515; *State* v. *Wilson*, 47 N. H. 101, 103. The filling station involved contained automobile supplies sold at retail as well as cigarettes and portable radios. It might have qualified as a "store" within the meaning of said section (*State* v. *Canney*, 19 N. H. 135; *State* v. *Charette*, 98 N. H. 477) and if so described would have come under its provisions. *State* v. *Dunklee*, 76 N. H. 439, 441. Since it was not, the offense charged was one under section 3 relating to "any building." Under this section it is immaterial whether the breaking and entering was in the daytime or not.

The maximum sentence under R. L., *c.* 453, *s.* 3, is "not more than five years." The defendant was sentenced for a term of not more than 8 years nor less than 5 years. The sentence was therefore in excess of that authorized by law. However, since the defendant was properly convicted by a court having jurisdiction (see *Lewis* v. *Commonwealth,* 329 Mass. 445) his imprisonment to date has been lawful. The sentence should be amended as to both maximum and minimum term (R. L., *c.* 429, *ss.* 20, 21) so as to fall within the limit of imprisonment prescribed by R. L., *c.* 453. *s.* 3. See *Doyle* v. *O'Dowd,* 85 N. H. 402. The applicable provisions of R. L., *c.* 429, will then apply under the amended sentence as if it had been originally imposed.

*Remanded.*

All concurred.