Rockingham,
No. 5955.

STATE *v.* JOHN A. THOMSON.

March 31, 1970.

*George S. Pappagianis,* Attorney General, *W. Michael Dunn,* Assistant Attorney General (*Mr. Dunn* orally), for the State.

*Shaines, Madrigan & McEachern* and *Craig Turner* (*Mr. Turner* orally), for the defendant.

KENISON, C. J. The Superior Court (*Keller,* J.) reserved and transferred without ruling the question of law whether it had power to review a criminal sentence after the expiration of the term of court during which sentence was imposed when the defendant had not been delivered to the executive department for service of his sentence. This case does not involve an illegal sentence which can be reduced, modified and corrected at any time. *Doyle* v. *O'Dowd,* 85 N. H. 402, 159 A. 301; *State* v. *Richard,* 99 N. H. 126, 129, 106 A. 2d 194, 196; Annot. 106 A.L.R. 847.

The defendant was convicted of being an accessory before the fact of breaking, entering and larceny in the nighttime and was sentenced to a term in the State Prison. His conviction was affirmed on appeal (*State* v. *Thomson,* 109 N. H. 205, 247 A.2d 179) and certiorari was denied by the Supreme Court of the United States on March 10, 1969. *Thomson* v. *New Hampshire,* 394 U. S. 903, 22 L.Ed. 2d 226, 89 S.Ct. 1017. The defendant had been free on bail during these appeals and on March 12, 1969 filed this petition for review of his sentence. Whether the Trial

Court has the power to review the sentence imposed is the issue reserved and transferred in this case.

The common-law rule that all judicial power over a valid sentence ended with the end of the term at which the sentence was imposed still has much support (Annot. 168 A.L.R. 706) but the rule is being eroded. *District Attorney* v. *Superior Court,* 342 Mass. 119, 172 N. E. 2d 245; *State* v. *Laws,* 51 N. J. 494, 242 A.2d 333; *United States* v. *Benz,* 282 U. S. 304, 311, 75 L. Ed. 354, 358, 51 S. Ct. 113, 115. Terms of court have less magical meaning today than they did at common law and courts may review an exercise of discretion in accordance with the demands of justice. *See Redlon Co.* v. *Corporation,* 91 N. H. 502, 23 A.2d 370; *United States* v. *Benz, supra; State* v. *Bess,* 53 N. J. 10, 247 A.2d 669. While the conditions and time limits within which such a petition for review of sentence should be considered can be more adequately spelled out in a rule of court, we do not doubt the power of the court to exercise its discretion, if circumstances warrant, in this jurisdiction. *Cf.* Rule 35 of Federal Rules of Criminal Procedure: ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures, *s.* 6.1 (Approved Draft, 1968).

The fact that many jurisdictions by rule of court or statute provide some form of review of criminal sentences indicates the concept has some validity. Mueller, Penology on Appeal: Appellate Review of Legal but Excessive Sentences, 15 Vand. L. Rev. 671 (1962); Note, Statutory Structures for Sentencing Felons to Prison, 60 Colum. L. Rev. 1134 (1960); 18 Me. L. Rev. 133 (1966). In neither *State* v. *Thompson,* 109 N. H. 205, 247 A.2d 179 nor *Thomson* v. *New Hampshire,* 394 U. S. 903, 22 L. Ed. 2d 226, 89 S. Ct. 1017 was any question raised concerning the sentence that had been imposed in this case. These appeals were limited to questions relating to the selection of grand and petit jurors in this state. *Witherspoon* v. *Illinois,* 391 U. S. 510, 20 L. Ed. 2d 776, 88 S. Ct. 1970. The State argues that to allow review of a sentence will encourage meritless appeals. Without conceding or denying this tendency, it may be noted that the appeals in this case did raise substantial questions of state law and procedure in the selection of jurors and they could not be labeled frivolous.

We are concerned only with the power of the Trial Court to review a sentence validly imposed and conclude that the power

exists as an incident of criminal judicial administration. RSA 592-A:1 (supp); RSA 490:4. The Court may refuse to review the sentence, or may review it and either modify it or order that it be served. *See* RSA 622:8.

*Remanded.*

All concurred.