Hillsborough,
No. 6211.

STATE

*v.*

RICHARD DUNN.

October 5, 1971.

*Warren B. Rudman,* Attorney General, and *W. Michael Dunn* and *Richard A. Hampe,* Assistant Attorneys General ( *Mr. Hampe* orally ), for the State.

*Paul R. Kfoury,* by brief and orally, for the defendant.

LAMPRON, J. Motion for reduction of a sentence of seven to fifteen years imposed on defendant on June 13, 1967 on a plea of guilty to a charge of armed robbery. The sentence has been put into operation. The defendant had served three years and ten months in State prison when his motion was filed on November 16, 1970.

The Superior Court ( *Loughlin,* J. ), after hearing, denied the motion because " the Court does not believe it has the authority to reduce the sentence. " Defendant's exception thereto was reserved and transferred.

It is generally held that under common law a trial court has no power to revise its judgment and sentence in a criminal case after the expiration of the term at which the sentence was imposed or after the execution of the sentence has commenced. *State* v. *Thomson,* 110 N.H. 190, 191, 263 A.2d 675, 676 ( 1970 ); *State* v. *Koerner,* 32 Wis. 2d 60, 145 N.W.2d 157 ( 1966 ); 21 Am. Jur. 2d Criminal Law *s.* 569 ( 1965 ); *see Holder* v. *Superior Court,* 1 Cal. 3d 779, 463 P.2d 705, 83 Cal. Rptr. 353 ( 1970 ). It has been held, however, that the power to revise still exists after service of the sentence has begun if the amendment is made during the term in which sentence was imposed. *United States* v. *Benz,* 282 U.S. 304, 75 L. Ed. 354, 51 S. Ct. 113 ( 1930 ); *District*

*Attorney* v. *Superior Court,* 342 Mass. 119, 172 N.E.2d 245 ( 1961 ).

This court pointed out, however, in *State* v. *Thomson supra* that " terms of court have less magical meaning today than they did at common law " and held that the trial court had power to review a sentence after the expiration of the term in which it was imposed when the defendant had not started to serve his sentence. *See* 24 C.J.S. Criminal Law *s.* 1588, at 596-97 ( 1961 ). It is to be noted that in the present case not only has the term of court in which the defendant was sentenced expired, but he is actually serving his sentence and had served a substantial portion when his motion was filed.

It is basic to our judicial system that there must be an end to litigation and that a matter judicially acted upon and properly decided must remain final. *MacDonald* v. *Railway,* 71 N.H. 448, 452, 52 A. 982, 984-85( 1902 ); 50 C.J.S. Judgments *s.* 592 ( 1947 ); 46 Am. Jur. 2d Judgments *ss.* 394, 395 ( 1969 ). In regard to criminal proceedings this requires that the sentencing process must at some point come to an end. *Fine* v. *Commonwealth,* 312 Mass. 252, 255-57, 44 N.E.2d 659, 662 ( 1942 ); *see* ABA Standards Relating to Sentencing Alternatives and Procedures *s.* 6.1 ( a ), Commentary *a,* at 279 ( Approved Draft 1968 ). The exigency of finality in criminal proceedings has been emphasized recently by the Chief Justice of the United States. 57 A.B.A.J. 855, 858 ( 1971 ).

This necessity for finality is also illustrated by the relatively short periods of time in which modifications of sentences can be sought under statutes or rules of court permitting them. *See* ABA Standards Relating to Sentencing Alternatives and Procedures *supra.* Rule 35 of the Federal Rules of Criminal Procedure ( Title 18 U.S.C.A. ) imposes a limit of 120 days within which a correction or reduction of sentence must be made. This time limit has been held to be jurisdictional and not subject to being enlarged or extended. *United States* v. *Gorman,* 431 F.2d 632 ( 5th Cir. 1970 ); *Peterson* v. *United States,* 432 F.2d 545 ( 8th Cir. 1970 ). Another example of the need for finality of sentences is found in the short periods of time within which an appellate review of a sentence must be sought under statutes which provide for such a review. *See Bryant* v. *Moore,* 438 F.2d 1230 ( 1st Cir. 1971 ); Mass. Gen. Laws Ann. *ch.* 278, *s.* 28B; ABA Standards Relating to Appellate Review of Sentences *s.* 2.2 ( b ) ( 1 ), also Appendix A ( Approved Draft 1968 ).

Another factor which militates against extending the common-law power of the trial court to modify a sentence to cover the present case is that the modification is not sought because of factors which existed at the time of sentencing, such as misapprehensions by the trial court as to the history, character, or physical or mental condition of the defendant. Rather defendant's motion for modification is based on events which have taken place some period of time after sentencing and while he was serving his sentence. These are matters within the realm of the executive rather than that of the judicial power. *United States* v. *Benz*, 282 U.S. 304, 311, 75 L. Ed. 354, 358, 51 S. Ct. 113, 115 ( 1930 ).

In this connection reference may be had to Laws 1971, ch. 419 which provides the executive branch with greater flexibility in dealing with similar cases than existed at the time defendant's petition was filed.

For these reasons we hold that the trial court did not have the authority to reduce defendant's sentence and properly denied his motion.

*Exception overruled.*

GRIMES, J. dissented; the others concurred.

GRIMES, J., *dissenting:* With all due respect I think the court has reached an incorrect and unfortunate result. Only last year we took a step forward by holding that the power of the court to revise a sentence extended beyond the term at which it was imposed. *State* v. *Thomson*, 110 N.H. 190, 263 A.2d 675 ( 1970 ). *United State* v. *Benz*, 282 U.S. 304, fully supports my position that the fact that the petitioner has served part of his sentence does not alter that power.

The court is concerned that action on a motion such as this would be based on events which have taken place since the original sentence. This however, is usually the only basis upon which a continuing decree of the court can be modified *i.e.*, changed circumstances.

The exercise of this power by the courts is not an interference with the executive branch. It is the court's order in the form of a minimum sentence which prevented the parole board from considering petitioner for parole.

Forty years ago Justice Sutherland correctly stated the law when he said in *United States* v. *Benz, supra* at 311: " We find nothing

in the suggestion that the action of the district court in reducing the punishment after the prisoner had served a part of the imprisonment originally imposed was a usurpation of the pardoning power of the executive. The judicial power and the executive power over sentences are readily distinguishable. To render judgment is a judicial function. To carry the judgment into effect is an executive function. To cut short a sentence by an act of clemency is an exercise of executive power which abridges the *enforcement* of the judgment, but does not alter it *qua* judgment. To reduce a sentence by amendment alters the terms of the judgment itself and is a judicial act as much as the imposition of the sentence in the first instance. " [Emphasis in original]

I am unable to join the court in the step it takes today.