Hillsborough,
No. 6431.

STATE *v.* FREDERICK J. MARTINEAU *& a.*

July 24, 1972.

*Warren B. Rudman,* attorney general, and *Henry F. Spaloss,* assistant attorney general (*Mr. Spaloss* orally), for the State.

*Leonard, Prolman, Prunier & Mazerolle* (*Mr. Richard W. Leonard* orally) for Frederick J. Martineau and Russell Nelson.

LAMPRON, J. Motion by the defendants Frederick Martineau and Russell Nelson to reduce to imprisonment for life the sentences of death imposed upon them on November 15, 1959, after a verdict of murder in the first degree returned by a jury with the added words "with capital punishment." RSA 585:4. The Trial Court (*Loughlin,* J.) transferred to this court without ruling the question whether it can so change such sentences.

It must be made clear at the outset that the sole issue submitted was the authority of the superior court to change the punishment imposed on the defendants. The question of their guilt which has been determined adversely to the defendants' was decided by jury verdicts of murder in the first degree which were affirmed by this court on appeal. *State* v. *Nelson,* 103 N.H. 478, 175 A.2d 814 (1961); *see State*

v. *Nelson,* 105 N.H. 184, 196 A.2d 52 (1963); *Nelson* v. *New Hampshire,* 369 U.S. 879, 8 L. Ed. 2d 282, 82 S. Ct. 1153 (1962); *Martineau* v. *New Hampshire,* 369 U.S. 881, 8 L. Ed. 2d 283, 82 S. Ct. 1155 (1962). In accordance with the requirements of RSA 607:6, in imposing the death penalty the trial court sentenced the defendants to be imprisoned in the State prison until the day appointed for their execution. They were immediately taken to the prison on November 15, 1959, where they were held in solitary confinement until 1969 when they were integrated with the other prisoners. The order fixing the date for their execution was postponed several times by the superior court and is now under an indefinite stay "pending completion of all appeals and court action."

In opposing defendants' motion to reduce the death sentences to life imprisonment, the State, in its brief and at oral argument, relied mainly on the principles enunciated in *State* v. *Dunn,* 111 N.H. 320, 282 A.2d 675 (1971), and *State* v. *Thomson,* 110 N.H. 190, 263 A.2d 675 (1970). The State properly conceded that the limitations on the power of the superior court to revise a sentence dealt with in those cases involved a validly imposed sentence. After the issue was submitted to this court, a majority of the Justices of the Supreme Court of the United States decided on June 29, 1972, that the death penalty imposed within the discretion of State juries, as was the death penalty in these cases, violated the eighth and fourteenth amendments of the Federal Constitution. *Furman* v. *Georgia,* 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972). We are bound by this decision. *See Moore* v. *Illinois,* 408 U.S. 786, 33 L. Ed. 2d 706, 92 S. Ct. 2562 (1972).

The resulting situation in the cases of defendants Martineau and Nelson is that there is now standing against each of them a verdict of guilty of murder in the first degree but so much of the jury verdicts as required capital punishment and the sentences of death imposed by the trial court is now invalid. This invalidity, however, does not affect in any way the legality of their conviction. *Moore* v. *Illinois supra; Commonwealth* v. *Arsenault,* 280 N.E.2d 129 (Mass. 1972); *see Witherspoon* v. *Illinois,* 391 U.S. 510, 523 n.21, 20 L. Ed. 2d 776, 785 n.21, 88 S. Ct. 1770, 1777 n.21 (1968).

The death sentences previously imposed having now become void, we hold that the trial court has the power and should vacate the death sentences against the two defendants and should enter a sentence of life imprisonment as though the jury had not added, to their verdict of guilty of murder in the first degree, the words "with capital punishment" which have now become void. RSA 585:4; *see* 5 Wharton, Criminal Law and Procedure (R.A. Anderson ed. 1957) *s.* 2191 and (Supp. 1972).

*Remanded.*

GRIMES, J., did not sit; the others concurred.