Rockingham
No. 2008-055

THE STATE OF NEW HAMPSHIRE

v.

DEAN FLETCHER

Argued: November 12, 2008
Opinion Issued: January 8, 2009

*Kelly A. Ayotte*, attorney general (*Rosemary Wiant*, attorney, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief, and *Christopher M. Johnson*, chief appellate defender, orally, for the defendant.

DUGGAN, J. The defendant, Dean Fletcher, appeals the decision of the Superior Court (*Nadeau*, J.) to amend his sentence. We reverse.

The record reveals the following. After a jury trial, the defendant was convicted of four counts of aggravated felonious sexual assault for acts occurring between 1981 and 1984. *See* RSA 632-A:2 (1975 & Supp. 1981) (amended 1986, 1992, 1994, 1995, 1997, 1998, 1999, 2003). On December 27, 2007, the trial court sentenced the defendant in accordance with the State's recommendation to a total of fifteen to thirty years in the New Hampshire State Prison. More specifically, the trial court imposed concurrent terms of seven and a half to fifteen years on three charges, and a consecutive term of seven and a half to fifteen years on the fourth charge. The trial court

added to the minimum sentence a disciplinary period of 150 days for each year of the minimum term. The court noted that "because of the nature of these charges, because of the incredible serious, intractable harm that's been caused to this victim, the Court believes that the State's recommendation is appropriate." It declined to adopt the recommendation of the probation department, which called for a sentence of ten to twenty years.

After the defendant was committed, prison officials informed the State that because of the dates of the defendant's offenses, he is entitled to good time credit pursuant to a subsequently repealed statute, RSA 651:55-b (1979 & Supp. 1982) (repealed 1983). On January 10, 2008, the State moved to amend the sentences, arguing that "application of [the statute] to the defendant's sentences effectively converts the anticipated sentence of a minimum of 15 years stand committed before he is eligible for parole to less than a 10 year sentence before he is eligible for parole." The State further argued that the probation department, the State and the trial court were "operating under a mistake of law at the time the defendant was sentenced." The State requested the trial court to change one of the sentences from concurrent to consecutive, resulting in a total sentence of twenty-two and a half years to forty-five years and an anticipated parole eligibility date of just under fifteen years.

In granting the State's motion, the trial court applied the factors articulated in *State v. Stern*, 150 N.H. 705 (2004). It adopted the State's recommendation, stating "it was always the court's intention that the defendant serve 15 years at the prison before becoming eligible for parole."

On appeal, the defendant argues that the trial court's decision to amend his sentence violated his due process rights under the State and Federal Constitutions. He further argues that the increase in the maximum term is by itself plain error. The State responds that the trial court corrected an error to comply with its original intent.

Because the issue before us is one of constitutional law, we review it *de novo*. *State v. Abram*, 156 N.H. 646, 651 (2008). We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal authority for guidance only. *Id.* at 232; *State v. Marti*, 143 N.H. 608, 611 (1999).

"Trial judges are vested with broad discretionary powers with regard to sentencing. They may provide for terms of imprisonment, probation, conditional or unconditional discharge, or a fine." *State v. Rau*, 129 N.H. 126, 129 (1987). It is fundamental that, "[a]t the conclusion of the sentencing proceeding, a defendant and the society which brought him to court must know in plain and certain terms what punishment has been exacted by the court . . . ." *Id.* (quotation omitted). "Due process requires

a sentencing court to clearly communicate to the defendant the exact nature of the sentence as well as the extent to which the court retains discretion to modify it or impose it at a later date." *Stern*, 150 N.H. at 713. "It is basic to our judicial system that there must be an end to litigation and that a matter judicially acted upon and properly decided must remain final." *State v. Dunn*, 111 N.H. 320, 321 (1971). "In regard to criminal proceedings this requires that the sentencing process must at some point come to an end." *Id.*

In *Stern*, we held that "the defendant's interest in finality is outweighed by the State's interest in correcting this clerical error." *Stern*, 150 N.H. at 715. The trial judge in *Stern* had inadvertently, by scrivener's error, written "all but 3 months deferred" instead of the intended "3 months deferred." *Id.* at 712. In concluding that the correction did not violate due process, we looked to other jurisdictions that applied the following factors: "(1) the lapse of time between the mistake and the attempted increase in sentence; (2) whether the defendant contributed to the mistake; (3) the reasonableness of the defendant's intervening expectations; (4) the prejudice to the defendant from the change; and (5) the diligence of the State in seeking the change." *Id.* at 714 (citing *DeWitt v. Ventetoulo*, 6 F.3d 32, 35 (1st Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994); *Hanson v. State*, 718 A.2d 572, 573-74 (Me. 1998)).

The parties in *Stern*, however, agreed that the new sentence reflected the original intent of the sentencing court and the amendment to the sentence was to correct an error. *Stern*, 150 N.H. at 713. Thus, in applying the five factors, we acted under the assumption "that the trial court had the inherent authority to correct this kind of error." *Id.* The cases we relied upon in *Stern* also involved errors that the court had authority to correct. *See DeWitt*, 6 F.3d at 34 (error where higher sentence was required by law); *Hanson*, 718 A.2d at 573 (error in calculating pretrial custody credit). Thus, in deciding if the *Stern* factors apply, we must first determine if the trial court had authority to amend the defendant's sentence at all. In doing so, we must ascertain the type of error that occurred.

We have held that the sentencing court retains jurisdiction of the defendant's sentence where there is a clerical error, *Doyle v. O'Dowd*, 85 N.H. 402, 403 (1932), or the sentence is illegal and void, *State v. Richard*, 99 N.H. 126, 129 (1954). *See State v. Schmitt*, 888 N.E.2d 479, 483 (Ohio 2008) (trial courts "retain jurisdiction over their own final judgments in criminal cases under the following exceptions: (1) to correct a void sentence, and (2) to correct clerical errors in judgment").

In *Doyle*, the defendant was convicted of petit larceny and the trial court sentenced him to a fine *or* imprisonment. *Doyle*, 85 N.H. at 402. We stated:

"Apparently the use of the conjunction 'or' instead of 'and' by the trial justice was a mere inadvertence. If so, he has jurisdiction to correct the record to accord with the facts." *Id.* at 402-03; *see* FED. R. CRIM. P. 35(a) (court may correct arithmetical, technical or clear error); MASS. R. CRIM. P. 42 (clerical mistakes); *see also Stern,* 150 N.H. at 715 (citing *United States v. Guevremont,* 829 F.2d 423, 427-29 (3d Cir. 1987) (no double jeopardy concern where correcting clerical error)).

█ Similarly, where the case involves an illegal sentence, the trial court has the authority to reduce, modify or correct it at any time. *See State v. Thomson,* 110 N.H. 190, 190 (1970). In *Richard,* for example, the defendant was sentenced to not more than eight years on a charge that carried a maximum sentence of five years. *Richard,* 99 N.H. at 129. We stated that the trial court had the authority to amend the sentence because it was "in excess of that authorized by law." *Id.*

█ We have, however, distinguished between authority to correct clerical errors or void sentences and modifying a valid sentencing order. Underlying the distinction is the concern that "a sentence must be determinable at the time it is imposed." *State v. Timmons,* 130 N.H. 831, 836 (1988). Thus, where the original sentence is clear as to the intent and is legal, the sentencing court does not have authority to later increase the sentence. *Webster v. Powell Comm'r,* 138 N.H. 36, 39 (1993); *see State v. Lawrence,* 667 S.E.2d 262, 264 (N.C. 2008) ("While our courts have held that a trial court may amend the record to correct clerical mistakes, it cannot amend the record to correct a judicial error."); *State v. Carte,* 138 P.2d 429, 432 (Kan. 1943) ("When a valid judgment and sentence has been rendered in a criminal case, the court has no authority after the sentence imposed has been served, in whole or in part, to . . . impose a new sentence . . . ."). *But see Petition of Guardarramos-Cepeda,* 154 N.H. 7, 10-11 (2006) (no due process violation where the defendant had statutory notice that the sentence review division could either increase or decrease his sentence on a petition from the defendant or the State).

██ For example, we have held that, where the trial court has omitted a term, that provision cannot later be added. In *State v. Burgess,* 141 N.H. 51 (1996), we stated: "Because the original sentence did not include [a term of probation], and because the court did not retain discretion to add probation at a later date, the court had no . . . authority to add probation" at a later hearing. *Burgess,* 141 N.H. at 53 (citation omitted); *see State v. White,* 131 N.H. 555, 558 (1989) (where original sentence includes a term of probation, court retains jurisdiction to limit defendant's liberty interest). We have also stated that where the trial court omitted the term "consecu-

tively," it cannot later be added. *Rau*, 129 N.H. at 130. "[I]f the sentencing court intends to reserve the discretion to impose the statutory balance consecutively upon revocation of probation, it must give the defendant explicit notice at the time of the original sentencing." *State v. Huot*, 136 N.H. 96, 100-01 (1992).

Accordingly, we look to the language of the sentencing order to determine if the intent is clear, and thus if the trial court retained jurisdiction. "Where there is no ambiguity, the intent expressed in the sentencing order must be presumed to reflect the intent of the sentencing judge." *Webster*, 138 N.H. at 39; *see Timmons*, 130 N.H. at 836 ("The order is plain that the defendant was given two years to complete an alcohol rehabilitation program.").

Here, at the conclusion of the sentencing hearing, the trial court imposed the following:

> [T]he State's recommendation is fully adopted. In 05-S-1612, 1613, and 1614, you're sentenced to the New Hampshire State Prison for not more than 15 years nor less than seven and a half years. The Court recommends drug and alcohol treatment and counseling and the sexual offender program, and you shall have no contact with the victim or her family.
>
> In docket number zero — these three sentences are concurrent. In docket number 05-S-1611, you're sentenced to the New Hampshire State Prison for not more than 15 years nor less than seven and a half years. This is to be served consecutive with the sentences that I just read, and the same conditions apply.

The original sentencing order clearly sentenced the defendant to fifteen to thirty years stand committed. This sentence is valid. The defendant's convictions on four felony counts of aggravated felonious sexual assault exposed him to four terms of seven and a half to fifteen years in State Prison. *See* RSA 651:2, II(a). The trial court sentenced the defendant to serve three of those sentences concurrently and one sentence consecutive to the other three. After the defendant was committed on this sentence, the trial court amended one of the sentences to be served consecutively instead of concurrently. *See Rau*, 129 N.H. at 130 ("If, in its discretion, a sentencing court intends to impose consecutive sentences, it must specifically state that intention in its order."). At no point, however, did the trial court state that its original intent was that this third sentence be served consecutively. Nor is there anything in the record that indicates that this was the trial court's intent. Thus, the original sentence was not a result of scrivener's error. *See Stern*, 150 N.H. at 712. Instead, the trial court

intended to sentence the defendant to a minimum of fifteen years but failed to consider that the defendant would be entitled to good time credit pursuant to RSA 651:55-b.

Moreover, the trial court's modification of the minimum sentence to ensure that the defendant serve at least fifteen years resulted in a dramatic increase of the maximum sentence. The defendant's original maximum sentence was thirty years, whereas the modified maximum is forty-five years, a fifteen year increase. On the facts of this case, we cannot say that the trial court was simply correcting a clerical error. *See Com. v. Miranda*, 610 N.E.2d 964, 966 (Mass. 1993) ("Material or substantial errors are not ones of transcription, copying, or calculation, but are those that trample the defendant's rightful expectations.").

The State argued that the probation department, the State and the trial court were "operating under a mistake of law at the time the defendant was sentenced." Specifically, the State's recommendation, and the trial court's original sentence, did not consider that, based upon the date of the defendant's offenses, he could be entitled to good time credit under RSA 651:55-b. This error, however, does not make the defendant's original sentence void requiring modification. *See Richard*, 99 N.H. at 129. A mistake of law does not create grounds to amend where the mistake of law does not result in an invalid sentence. *See Brown's Petition*, 51 N.H. 367, 369 (1871) ("[T]he record cannot be amended so as to make an entirely different decision upon proof that the tribunal would have made the latter decision if the members of the court had had a better understanding of the law."); 46 AM. JUR. 2D *Judgments* § 142 (2006) (mistakes that cannot be changed are those in which "the court changes its mind . . . because it made a legal or factual mistake in making its original determination").

Any argument that the trial court's decision to include a disciplinary period pursuant to RSA 651:2, II-e (2007) makes the original fifteen to thirty year sentence unlawful in its entirety is without merit. RSA 651:2, II-e is a good conduct provision not applicable to the defendant because he committed the offenses prior to its enactment. An unlawful provision, however, does not make the entire sentence void. *Compare State v. Sideris*, 157 N.H. 258, 264-65 (2008) (vacating sentence where entire sentence exceeded permissible statutory term), *with Doyle*, 85 N.H. at 402 ("[I]t is the rule in this jurisdiction that a sentence is not invalid even though the condition on which it is suspended may be unlawful."). Thus, the defendant's fifteen to thirty year sentence is not void.

Because the original intent was clear, the trial court did not have the authority to amend the sentence. *See Huot*, 136 N.H. at 100-01. "If, in its

discretion, a sentencing court intends to impose consecutive sentences, it must specifically state that intention in its order." *Rau*, 129 N.H. at 130. Because the trial court did not have the authority to amend the sentence, we do not address the factors in *Stern*, as those factors apply where the trial court had such authority to amend.

Because we conclude that the trial court did not have authority to modify the defendant's sentence, we need not address the defendant's plain error argument. In light of our ruling under the State Constitution, we also need not address the defendant's argument under the Federal Constitution. *See Ball*, 124 N.H. at 237.

*Reversed.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.