Hillsborough-southern judicial district
No. 2008-757

THE STATE OF NEW HAMPSHIRE

v.

ERIC VAN WINKLE

Argued: January 13, 2010
Opinion Issued: June 3, 2010

338

*Michael A. Delaney*, attorney general (*Elizabeth C. Woodcock*, assistant attorney general, on the memorandum of law and orally), for the State.

*Nixon, Raiche, Vogelman, Barry & Slawsky, PA*, of Manchester (*Kirk C. Simoneau* on the brief and orally), for the defendant.

BRODERICK, C.J. The defendant, Eric Van Winkle, appeals an order of the Superior Court (*Nicolosi*, J.) amending his sentence. We reverse.

The following facts appear in the record. On September 17, 2008, the defendant appeared before the trial court on complaints alleging three probation violations. He pled guilty to two of the violations and contested the third. After hearing testimony, the trial court found him guilty of the third violation. Although the hearing involved two sentences, only one of them is pertinent to this appeal. On that sentence, the State asked that the court impose a prison term of two-and-one-half to six years. The defendant's counsel asked for six months imprisonment followed by probation.

The court then stated to the defendant, "I am going to sentence you to the New Hampshire State Prison for not more than seven years, nor less than two years. There is added to the minimum sentence a disciplinary period equal to 150 days for each year of the minimum term of your sentence to be prorated for any part of the year. This is a stand committed sentence." Following this declaration of sentence, the County Attorney stated, regarding the court's calculation of the defendant's pretrial confinement credit, that the defendant

has 218 days on 244 already, and so that is why I asked for the two to six, otherwise, I would have asked for two to seven, but I — in my mind, the 218 — it's — there is a three-and-a-half to seven maximum sentence. . . . We could do the 218 if we take then out to three, but not off the one. I just want to make sure the Court had taken that into consideration so I don't face a motion later on.

The trial court replied,

I'm taking it off the minimum. . . . So that leaves him with another six — it would have — he's going to serve total almost three years. . . . You know, plus or minus the — a year. And then he will be out. . . . That is my intention. . . . My intention is to keep him on parole longer than you would and to keep him in jail a shorter time than you were suggesting.

The mittimus, dated the same day, states: "The defendant is sentenced to the New Hampshire State Prison for not more than *7 YEAR(S)*[], nor less than *2 YEAR(S)*[.] There is added to the minimum sentence a disciplinary period equal to 150 days for each year of the minimum term of the defendant's sentence, to be prorated for any part of the year." The mittimus also indicates pretrial confinement credit of forty-five days.

Five days later, the court entered an order amending the sentence, stating:

The Court *sua sponte* amends the defendant's sentence to achieve what the Court represented it was intending; that is, that, on the most recent sentence, the defendant would serve a minimum of two years at the state prison with credit for the 45 days served as a result of the probation violation and, upon release, be on parole for the maximum allowed.

The defendant's sentence is modified and amended as follows:

Mr. Van Winkle is sentenced to no more than 7 years nor less than 3½ years, stand committed, with confinement credit of 263 days (which is the total of the days served at the time the original sentence was imposed plus the days served as a result of the probation violation).

The court thus amended the defendant's original sentence of two to seven years with confinement credit of forty-five days, to three-and-one-half to seven years with confinement credit of 263 days, thereby lengthening the defendant's minimum incarceration.

On appeal, the defendant argues that the trial court's decision to amend his sentence violated his due process rights under the State and Federal

Constitutions. He also argues that amending the sentence without holding a hearing deprived him of the right to counsel under the Sixth Amendment to the Federal Constitution. The State argues that the trial court had the authority to correct an inadvertent error in the defendant's sentence, and that correcting the sentence to accurately reflect the court's intent at the time of sentencing did not violate the defendant's due process rights. The State further argues that because the defendant had already been given the opportunity to be heard and since no additional hearing was necessary, the defendant was not denied his right to counsel.

We review questions of constitutional law *de novo. State v. Flood*, 159 N.H. 353, 355 (2009). We first address the defendant's due process claim under the State Constitution, citing federal authority for guidance only. *See State v. Ball*, 124 N.H. 226, 231 (1983).

■ "Trial judges are vested with broad discretionary powers with regard to sentencing. They may provide for terms of imprisonment, probation, conditional or unconditional discharge, or a fine." *State v. Rau*, 129 N.H. 126, 129 (1987) (citing RSA 651:2 (Supp. 1986)). "It is in the sentencing process that punishment, deterrence, and rehabilitation meet in a common forum where the court, within the framework of the Criminal Code and the common law, conveys society's sanctions upon a particular defendant for a certain crime." *Stapleford v. Perrin*, 122 N.H. 1083, 1087 (1982).

■ "Due process requires a sentencing court to make clear *at the time of sentencing* in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." *State v. Burgess*, 141 N.H. 51, 52 (1996) (quotation, brackets and ellipsis omitted). "The sentencing order must clearly communicate to the defendant the exact nature of the sentence." *Id.* (quotation and brackets omitted). "Thus, unless the terms of a sentence at the time it is imposed specifically allow augmentation at a later date," the trial court may not subsequently increase a defendant's penalty. *Id.* "It is basic to our judicial system that there must be an end to litigation and that a matter judicially acted upon and properly decided must remain final. In regard to criminal proceedings this requires that the sentencing process must at some point come to an end." *State v. Dunn*, 111 N.H. 320, 321 (1971) (citations omitted).

■ Initially, we must determine if the trial court had authority to amend the defendant's sentence. *See State v. Fletcher*, 158 N.H. 207, 210 (2009). This requires that we ascertain the type of error that occurred. *Id.* We have recognized two circumstances in which the sentencing court retains jurisdiction over a defendant's sentence, thereby allowing for subsequent

amendment. First, jurisdiction is retained where there is a clerical error. *Id.*; *see, e.g., Doyle v. O'Dowd*, 85 N.H. 402, 403 (1932) (where defendant was inadvertently sentenced to a fine *or* imprisonment, court had jurisdiction to correct the record to accord with the facts); *State v. Stern*, 150 N.H. 705, 714 (2004) (court may correct sentencing form which mistakenly stated "all but three months" of the sentence was to be deferred, instead of "three months" to be deferred). Second, jurisdiction is retained where an initial sentence is illegal and void. *Fletcher*, 158 N.H. at 210; *see e.g., State v. Richard*, 99 N.H. 126, 129 (1954) (where defendant sentenced to not more than eight years on a charge that carried a maximum sentence of five years, court had jurisdiction to amend sentence because it was in excess of that authorized by law); *State v. Thomson*, 110 N.H. 190, 190 (1970) (an illegal sentence can be reduced, modified and corrected at any time).

▇ Because "a sentence must be determinable at the time it is imposed," *State v. Timmons*, 130 N.H. 831, 836 (1988), "where the original sentence is clear as to the intent and is legal, the sentencing court does not have authority to later increase the sentence," *Fletcher*, 158 N.H. at 211. "Accordingly, we look to the language of the sentencing order to determine if the intent is clear, and thus if the trial court retained jurisdiction. Where there is no ambiguity, the intent expressed in the sentencing order must be presumed to reflect the intent of the sentencing judge." *Id.* at 212 (quotation omitted).

The State argues that the trial court retained jurisdiction to amend the sentence in this case "because the sentencing order contained an inadvertent error and the error is not in concert with the expressed intentions of the court at sentencing." In support, the State cites cases from other jurisdictions for the proposition that discrepancies between a written judgment and the sentencing transcript should be resolved in favor of the sentence reflected in the transcript. We disagree. Here the trial court clearly sentenced the defendant to not more than seven nor less than two years with pretrial confinement credit of forty-five days. Under our case law, where there is nothing ambiguous about the language in the sentencing order, it is presumed to reflect the intent of the sentencing judge. *Webster v. Powell, Comm'r*, 138 N.H. 36, 39 (1993).

▇ The State argues, however, that the trial court simply amended the sentence so that it was consistent with the discussion at the sentencing hearing and that, upon reviewing the transcript, "it is clear that the second sentence more fairly reflects the court's concerns." Even if we were to assume that the State is arguing that there was a clerical error, the sentencing hearing transcript does not indicate that the trial court intended to impose one sentence but mistakenly wrote another. The record reflects

that the court intended to sentence the defendant to less prison time than the two-and-one-half years sought by the State and it did so in clear terms both at the sentencing hearing and in the mittimus. Apparently, upon reflection following sentencing, the trial court reconsidered the defendant's confinement credit. Such a mistake in reasoning, however, is not a clerical error and thus does not provide a basis for retaining jurisdiction over the defendant's sentence. *See Fletcher*, 158 N.H. at 211 (citing cases distinguishing between clerical mistakes and judicial error). Where the original intent is clear, the trial court does not have the authority to amend the sentence to take into account pretrial confinement credit it had previously failed to consider. *See id.* at 212-13.

It is a fundamental requirement in this state that "[a]t the conclusion of the sentencing proceeding, a defendant and the society which brought him to court must know in plain and certain terms what punishment has been exacted by the court." *Stapleford*, 122 N.H. at 1087. Under these circumstances, we hold that the trial court did not retain jurisdiction to, *sua sponte*, amend the defendant's original sentence of two to seven years with confinement credit of forty-five days, to three-and-a-half to seven years, with confinement credit of 263 days.

Because we conclude that the amended sentence violated the defendant's due process rights under the State Constitution, we need not decide whether it also violated the Federal Constitution. Nor need we decide the defendant's claim asserting a violation of his right to counsel.

*Reversed.*

DALIANIS, DUGGAN, HICKS and CONBOY, JJ., concurred.