# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0668, <u>State of New Hampshire v. Ling-Yi Ju</u>, the court on May 2, 2019, issued the following order:**

Having considered the defendant's briefs, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). Although the defendant did not request a transcript at the time that she filed her appeal, see Sup. Ct. R. 15(3) (if moving party intends to argue to court that finding or conclusion is unsupported by evidence or contrary to evidence, she shall include in the record a transcript of all evidence relevant to such finding or conclusion), at the time that she filed her reply brief, she filed a motion to stay her appeal in which she sought permission to order a transcript "if the court deems it is necessary to have [a] transcript for my case." We deny the defendant's motion to stay her appeal. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented parties bound by same procedural rules as those who are represented by counsel). We affirm her conviction.

The defendant, Ling-Yi Ju, appeals her conviction for traveling in excess of the maximum lawful speed limit. See RSA 265:60 (2014). She argues that: (1) the State failed to present sufficient evidence of the speed at which she was operating; and (2) the trial court was not impartial.

The limited record before us indicates that, on May 10, 2018, the defendant was charged with operating a motor vehicle at 88 miles per hour on Route 95, which was in excess of the maximum lawful speed limit of 65 miles per hour. After a trial, the court found her guilty and imposed a fine of $350 plus an assessment of $84.

The defendant first argues that the State failed to present sufficient evidence of "the accuracy of the traffic speed number." In support of her argument she asserts: "There is a severe discrepancy in the speed [that] got put down on the citation for me that day, and what I saw on my speed meter. I remembered clearly that I looked at the speed meter in my car, when I saw and was passing by the state trooper car that day, my speed was within 75 mph at that time in the 65 speed limit road." When a defendant challenges the sufficiency of the evidence following her conviction, she bears the burden of demonstrating that the evidence was insufficient to prove guilt. State v. Boutin, 168 N.H. 623, 627 (2016). Without a transcript we must assume that the evidence presented was sufficient to support the result reached by the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Accordingly, the defendant has failed to satisfy her burden on her first claim of error.

The defendant also contends that the trial court displayed "favoritism and unfair ruling." A party questioning the impartiality of a trial judge must show the existence of bias, the likelihood of bias, or an appearance of such bias. In the Matter of Wolters & Wolters, 168 N.H. 150, 153 (2015). The test for the appearance of partiality is an objective one, that is, whether an objective disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case. Id.

The defendant does not argue that the fine imposed by the court was illegal. Rather, she cites the trial court's attentiveness "in two different court proceedings" "toward state troopers" "when they say pretty much the same thing . . . about when they graduated from the training institute." Given that the State bears the burden to prove beyond a reasonable doubt each element of a charged offense in each proceeding against separate defendants, the defendant's description does not satisfy the objective test for partiality.

Trial judges have broad discretionary authority when determining the sentence to be imposed following a defendant's conviction. State v. Van Winkle, 160 N.H. 337, 340 (2010). The defendant was charged with driving 88 miles per hour in a 65 mile per hour zone. Given the limited record before us, we conclude that the defendant has failed to establish that the trial court was not impartial when it ruled in her case.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**