# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0564, <u>State of New Hampshire v. Ling-Yi Ju</u>, the court on May 2, 2019, issued the following order:**

Having considered the defendant's briefs, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The defendant, Ling-Yi Ju, appeals her conviction for traveling in excess of maximum lawful speed limit. See RSA 265:60 (2014). She argues that: (1) the State failed to present sufficient evidence of the speed at which she was operating; and (2) the trial court was not impartial.

We first address the motions filed by the defendant. On April 16, 2019, the defendant filed a motion for late entry of her reply brief, which was due on March 18, 2019, and a motion to stay this appeal. She requested that we permit her to file her reply brief beyond the twenty-day deadline set forth in our rules, see Sup. Ct. R. 16(7), because "this supreme court appeal is something I had never participated [in] before." She also requested that we "stay the case" so that "if the court deems it is necessary to have [a] transcript" to decide the case, she could order one.

Our appellate rules require that the moving party include in her notice of appeal transcript information "including the dates of the proceedings to be transcribed, the length of the proceedings, and the deposit required." Sup. Ct. R. 15. "If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, [she] shall include in the record a transcript of all evidence relevant to such finding or conclusion." See Sup. Ct. R. 15(3). On appeal, we consider only evidence and documents presented to the trial court. Lake v. Sullivan, 145 N.H. 713, 717 (2001); see Sup. Ct. R. 13 (1). Self-represented parties are bound by same procedural rules as those who are represented by counsel. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006). We will assume without deciding that the arguments and evidence included in the defendant's reply brief were presented to the trial court and grant her motion for late entry. We deny her motion to stay her appeal.

We turn to the issues raised by the defendant. The limited record before us indicates that, on February 26, 2018, the defendant was charged with operating a motor vehicle at 91 miles per hour on Route 95, which was in excess

of the maximum lawful speed limit of 65 miles per hour.  After a trial, the court found her guilty and imposed a fine of $350 plus an assessment of $84.

The defendant first argues that the State failed to present sufficient evidence of "the accuracy of the traffic speed number."  A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo.  State v. Boutin, 168 N.H. 623, 627 (2016).  The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt.  Id.  Without a transcript we must assume that the evidence presented was sufficient to support the result reached by the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  Accordingly, the defendant has failed to satisfy her burden on her first claim of error.

The defendant also contends that the trial court was "kinder to some defendants, taking an unfriendly stand on my case while it was the same speeding allegation."  We construe her argument to be that the trial judge was not impartial.  A party questioning the impartiality of a trial judge must show the existence of bias, the likelihood of bias, or an appearance of such bias.  In the Matter of Wolters & Wolters, 168 N.H. 150, 153 (2015).  The test for the appearance of partiality is an objective one, that is, whether an objective disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case.  Id.

The defendant does not argue that the fine imposed by the court was illegal.  Rather, she appears to argue that the court should have reduced the fine authorized by law because, she alleges, the court had done so in a case involving another defendant on the same day.  Trial judges have broad discretionary authority when determining the sentence to be imposed following a defendant's conviction.  State v. Van Winkle, 160 N.H. 337, 340 (2010).  The defendant was charged with driving 91 miles per hour in a 65 mile per hour zone.  She filed a motion to reconsider in the trial court seeking dismissal of the speeding ticket in which she explained that, when she was stopped by the arresting officer, she was driving her child to school and did not want her to be late.  The trial court denied her motion, explaining that the evidence "did not support the defendant's emergency claim."  The court then granted the defendant an extension of 60 days within which to pay her fine.  Given the limited record before us, we conclude that the defendant has failed to establish that the trial court was not impartial when it ruled in her case.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2