NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Cheshire
No. 2019-0103

THE STATE OF NEW HAMPSHIRE

v.

JASON CANDELLO

Submitted: January 9, 2020
Opinion Issued: January 31, 2020

Gordon J. MacDonald, attorney general (Meghan C. Hagaman, attorney, on the memorandum of law), for the State.

Stephanie Hausman, deputy chief appellate defender, of Concord, on the brief, for the defendant.

HICKS, J.  The defendant, Jason Candello, appeals an order of the Superior Court (Ruoff, J.) denying his motion to amend his sentences.  We affirm.

The relevant facts follow.  On December 6, 2007, the defendant was sentenced on two felonies pursuant to a negotiated plea.  On one felony conviction, the trial court sentenced the defendant to a stand-committed sentence of two and one-half to nine years (sentence 1).  The maximum of that sentence was subsequently reduced to seven years.  On the other felony, the trial court imposed a three-and-one-half-to-seven year sentence that was to

run consecutively to the stand-committed sentence on the first felony (sentence 2). The court suspended sentence 2 for ten years subject to conditions.

At some point before November 12, 2012, the defendant was paroled on sentence 1. On November 12, 2012, the defendant committed second degree assault. The defendant's parole was revoked, and, on November 18, 2012, he resumed serving sentence 1. Sentence 1 ended on March 9, 2014.

On March 6, 2013, the trial court set the defendant's bail on the second degree assault charge at $10,000 cash, which he was unable to pay. In February 2014, a jury convicted the defendant of the second degree assault charge. He was sentenced on that charge on May 6, 2014 (sentence 3). Sentence 3 was to run consecutively to sentence 2. On that day, the trial court also imposed sentence 2 (which had previously been suspended for ten years).

In December 2018, the defendant filed a motion requesting that the trial court amend sentences 2 and 3 so that they ran concurrently, instead of consecutively. The court denied his motion, and this appeal followed.[1]

On appeal, the defendant argues that the trial court erred by declining to amend sentences 2 and 3 so that they began to run concurrently on May 6, 2014, the date on which they were imposed. He asserts that such a result is required by the plain language of RSA 651:3, I (2016).

Resolving this issue requires that we engage in statutory interpretation. We review the trial court's statutory interpretation de novo. Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. Duquette v. Warden, N.H. State Prison, 154 N.H. 737, 740 (2007). We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. Id.; see RSA 625:3 (2016). We begin by looking to the plain language of the statute to determine legislative intent. Duquette, 154 N.H. at 740.

RSA 651:3, I, provides, in pertinent part: "A sentence of imprisonment commences when it is imposed if the defendant is in custody or surrenders into custody at that time. Otherwise, it commences when he becomes actually in custody." The defendant argues that because he was in custody on May 6, 2014, sentences 2 and 3 began to run on that date, and could not have been imposed as consecutive sentences.

---

[1] We note that the defendant also filed a motion regarding his purported entitlement to pretrial confinement credit and that the trial court denied this motion as well. Although the defendant included a question about the trial court's denial of that motion in his notice of appeal, he has not briefed an argument on that issue, and, therefore, we deem it waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

In general, "[t]rial judges are vested with broad discretionary powers with regard to sentencing." State v. Van Winkle, 160 N.H. 337, 340 (2010) (quotation omitted). In Duquette, we held that, even though there is no explicit statutory authority to do so, trial courts retain the inherent common law authority to impose consecutive sentences. Duquette, 154 N.H. at 741-44.

The defendant argues that Duquette is not controlling in this case given the plain language of RSA 651:3, I. We disagree. "We have often stated that we will not interpret a statute to abrogate the common law unless the statute clearly expresses that intent." State v. Etienne, 163 N.H. 57, 74 (2011) (quotation omitted). We find no clear expression of that intent in RSA 651:3, I. Accordingly, we conclude that the trial court was not required to amend sentences 2 and 3 so that they ran concurrently, instead of consecutively, and that it, therefore, did not err by denying the defendant's motion to amend.

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.